## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CHARLENE MARTIN,

                Plaintiff,

v.

CITIBANK, N.A.,

                Defendant.

**Case No.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227
2. Invasion of Privacy - Intrusion Upon Seclusion

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Charlene Martin ("Charlene"), by and through her attorneys, alleges the following against Citibank, N.A. ("Citi"):

## INTRODUCTION

1.      Count I of Charlene's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Charlene's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or

*Martin, Charlene v. Citibank N.A. - Complaint*

his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.      Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.      Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

6.      Charlene is a natural person residing in Garnett, Kansas.

7.      Citi is a creditor with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota, 57104.

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      Citi is attempting to collect a debt from Charlene. Charlene used the credit she obtained from Citi —a Sears branded credit card issued by Citi— to make purchases for personal, family and household purposes.

10.     On or around October 19, 2018, Citi began placing calls to Charlene's cellular phone number (785) XXX-5136, in an attempt to collect a debt.

11.     The calls originated from the following numbers: (816) 420-4632, (866) 369-5768, (859) 795-2727, (866) 322-4983 and (866) 458-7685. Upon information and belief, these numbers are owned or operated by Citi.

12.     On or about October 19, 2018, at approximately 8:50 a.m., Charlene answered a call from Citi and spoke with a representative.

13.     After picking up the call, Charlene heard a series of clicks or tones, and an unusually long delay before Citi's representative began speaking, indicative of the use of an automatic dialing system.

14.     Citi informed Charlene that it was attempting to collect a debt incurred by Charlene.

15.     During that call, Charlene unequivocally revoked consent to be called by asking not to be called any further.

16.     Only three days after revoking consent to be called, on October 22, 2018, at approximately 8:04 a.m., Charlene answered a call from Citi and spoke with a representative.

17.     In the same manner as with the call of October 19, Charlene heard a series of clicks or tones, and an unusually long delay before Citi's representative began speaking, indicative of the use of an automatic dialing system.

18.     Citi informed Charlene that it was attempting to collect a debt incurred by Charlene.

19.     During that call, and for a second time, Charlene unequivocally revoked consent to be called by asking not to be called any further.

20.     Despite her two requests, Charlene continued to receive calls on her cellular phone from Citi.

21.     Between the second time Charlene revoked consent on October 22 and February 5, 2019, Citi called Charlene approximately Seventy-Five (75) times.

22.     Citi called Charlene almost every day at around the same time every day. For example, Citi called Charlene between 10:30 am and 11:00 am on October 25, 27 and 28; and between 10:38 am and 10:48 am on October 30 and 31.

23.     On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

24.     H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

25.     Citi is familiar with the TCPA.

26.     Citi's intrusion upon Charlene's seclusion was highly offensive to the reasonable person.

27.     Citi called Charlene every other day for four months.

28.     Citi would alternate between several different phone numbers to call Charlene.

29.     Citi's intrusion upon Charlene's seclusion was oppressive and outrageous, and exceeded reasonable collection efforts.

30.     Citi bombarded Charlene with harassing calls for four months, even after Charlene asked Citi to stop calling her twice.

31.     As a result of Citi's conduct, Charlene has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

32.     Each and every one of Citi's telephone calls caused Charlene distraction and temporary loss of use of her telephone line.

33.     Each and every one of Citi's telephone calls caused Charlene anxiety, annoyance and embarrassment, as well as aggravated Charlene's stress and trouble sleeping. The anxiety that Citi's conduct caused was particularly extreme because Citi would alternate between several different phone numbers so that Charlene could not screen the calls she was receiving by merely looking at the caller-ID.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

34.     Charlene incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     Citi violated the TCPA. Citi's violations include, but are not limited to the following:

    a.   Within four years prior to the filing of this action, on multiple occasions, Citi violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular

*Martin, Charlene v. Citibank N.A. -*
Complaint

telephone service . . . or any service for which the called party is charged for the
call.

b.   Within four years prior to the filing of this action, on multiple occasions Citi
willfully and/or knowingly contacted Charlene at Charlene's cellular telephone
using an artificial prerecorded voice or an automatic telephone dialing system and,
as such, Citi knowingly and/or willfully violated the TCPA.

36.     As a result of Citi's violations of 47 U.S.C. § 227, Charlene is entitled to an award
of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to
47 U.S.C. § 227(b)(3)(B). If the Court finds that Citi knowingly and/or willfully violated the
TCPA, Charlene is entitled to an award of one thousand five hundred dollars ($1,500.00), for
each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## <u>COUNT II</u>

### Citi's Invasion of Privacy of Charlene

37.     Charlene incorporates herein by reference all of the above paragraphs of this
complaint as though fully set forth herein at length.

38.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion
as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private
affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion
would be highly offensive to a reasonable person".

39.     Citi violated Charlene's privacy. Citi's violations include, but are not limited to,
the following:

a.  Citi intentionally intruded, physically or otherwise, upon Charlene's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

b.  The number and frequency of the telephone calls to Charlene by Citi constitute an intrusion on Charlene's privacy and solitude.

c.  Citi's conduct would be highly offensive to a reasonable person as Charlene received calls that caused distraction and temporary loss of use of her telephone line, anxiety, annoyance and embarrassment, as well as aggravated Charlene's stress and trouble sleeping.

d.  Citi's acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Charlene to pay the alleged debt, or to pay more than Charlene would otherwise, or to cause Charlene to unknowingly restart the statute of limitations.

e.  Citi's conduct was coercive and oppressive, and exceeded reasonable collection efforts.

40.  As a result of Citi's violations of Charlene's privacy, Citi is liable to Charlene for actual damages. If the Court finds that the conduct is found to be egregious, Charlene may recover punitive damages.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Charlene hereby demands a trial by jury of all issues triable by jury.

*Martin, Charlene v. Citibank N.A. -*
Complaint

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Charlene Martin respectfully requests judgment be entered against Citi for the following:

A.      Declaratory judgment that Citi violated the TCPA;

B.      Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

C.      Actual and punitive damages for intrusion upon Charlene's seclusion;

D.      Awarding Charlene any pre-judgment and post-judgment interest as may be allowed under the law; and

E.      Any other relief that this Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 4th day of October 2019.

By: s/ *JD Haas*
JD Haas, Esq.
KDS Bar Number 8585
J D Haas & Associates, PLLC
1120 E. 80th St, Suite 200
Bloomington, MN 55420
T: (952) 345-1025
F: (952) 854-1665
E: jdhaas@jdhaas.com
Attorney for Plaintiff
Charlene Martin